JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CONSUL ANTONIO EL, et al., | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:19-cv-06649-CAS (GJSx) |
| v. | |
| THE STATE OF CALIFORNIA, et al. | **ORDER RE REQUEST TO PROCEED** *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                                                         United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☒ Inadequate showing of indigency          ☐ District Court lacks jurisdiction

☐ Legally and/or factually patently frivolous          ☐ Immunity as to _____

☒ Other:  See Attachment for additional grounds, including failure to state a claim upon which relief can be granted. _____

Comments:

August 2, 2019 _____          _____
Date                                                         United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED

☒ DENIED (see comments above).  IT IS FURTHER ORDERED that:

   ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

   ☒ This case is hereby DISMISSED immediately.

   ☐ This case is hereby REMANDED to state court.

August 5, 2019 _____          _____
Date                                                         United States District Judge

**Attachment for *Consul Antonio El v. The State of California, et al.*,**

**2:19-cv-06649-CAS (GJSx)**

This lawsuit is a re-do of a prior, substantially similar lawsuit filed by Plaintiffs in Case No. 2:19-cv-02617-RGK (RAOx), in which they were denied leave to proceed on an in forma pauperis basis by Order of April 26, 2019.  After that denial, on June 27, 2019, they re-filed their action in the United States District Court for the Northern District of California, even though their claims have no tie to that District.  The Northern District transferred the case to this District on July 30, 2019.

Plaintiff Antonio El claims to be "Consul" for the "Moorish National Republic," Plaintiff Marie Mairiam Bijou Bayo El apparently is his wife or partner, and they assert that they each possess the same "Federal Employer number 016143."  Plaintiffs sue the State of California, two Los Angeles County Superior Court Judges and the Clerk of that Court, various law enforcement officers and the Sheriff of Los Angeles County, the Governor of the State of California, the Secretary of State for the State of California, and Congressman Xavier Becerra. They claim that they, and their children, were subjected to an unwarranted stop for a fabricated traffic violation.  They cite to the Los Angeles County Superior Court criminal case brought against them – Case No. YA099423 (the "State Criminal Case") – and appear to contend that the State of California lacks jurisdiction to prosecute them, whether because of purported diplomatic immunity or some other sovereign citizen-type notion(s).[1]  They complain that criminal case documents have indicated their names in "ALL CAPS" and have listed their ethnicity as "BLACK," which they claim is defamatory and libelous.

Plaintiffs ask as relief to receive judgment in the amount of $25,000,000. They also ask the Court to "affirm" that the State of California lacks jurisdiction to pursue the State Criminal Case against them, which they expressly allege "was terminated voluntarily after finding out that it is a contract."  This latter allegation

---

[1]      The Complaint is replete with sovereign citizen nomenclature, markings, indicia, and terms, including references to the UCC, thumbprints, grandiose assertions of not being subject to the law or legal requirements, threats to pursue "lawful remedy actions" against court officials, and the like.  The Court need not address the dubious nature of these matters, because the other defects of the Complaint are apparent readily enough on their own.

is false.  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the dockets of the State Criminal Case available electronically.[2]  They show, indisputably, that:  on January 17, 2019,  Plaintiff Marie Mairiam Bijou Bayo El pleaded nolo contendere to a violation of California Penal Code § 25400(a)(2) (carrying a concealed firearm); on May 15, 2019, she was sentenced to three years probation and a 30-day jail term in Los Angeles County Jail; on April 3, 2019, Plaintiff Antonio El pleaded nolo contendere to a violation of California Penal Code § 2800.2 (recklessly evading a police officer) and a jury found him guilty of a violation of California Penal Code § 69 (resisting an executive officer); and on that same day, he was sentenced to three years probation and a 180-day term in the Los Angeles County Jail.

Pursuant to 28 U.S.C. § 1915(e)(2)(b), leave to proceed without prepayment of the filing fee should be denied for the following reasons:

First, Plaintiffs have not made an adequate showing of indigency.  Plaintiff Marie Mairiam Bijou Bayo El has not filed the affidavit required by Section 1915(a), and the affidavit submitted by Plaintiff Antonio El is incomplete and inadequate.  The Court also notes that he states therein, under penalty of perjury, that the instant Complaint does not seek to raise claims that have been presented in other lawsuits, which is plainly false, given his complaint filed in prior Case No. 2:19-cv-02617-RGK (RAOx).

Second, in violation of Fed. R. Civ. P. 11(a), the Complaint is signed only by Plaintiff Antonio El, who is not a member of the California State Bar.  As a pro se litigant, Plaintiff Antonio El may not represent Plaintiff Marie Mairiam Bijou Bayo El, nor may he represent the "Moorish National Republic" as a plaintiff [*see* Complaint at 3].  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in pro per may not appear or seek relief on behalf of others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."); *see also* Local Rules 83-2.2.1 and 83-2.2.2.

---

[2]    Docket information for the State Criminal Case is available by searching for Case No. YA099423 at http://www.lacourt.org/criminalcasesummary.

Third, the gravamen of the Complaint is Plaintiffs' assertion that they were wrongfully arrested, prosecuted and convicted, and that the State of California and its officers and employees lacked jurisdiction to take any criminal action against Plaintiffs. As relief, they ask the Court to so find and, further, to award them money damages based on this contention. To the extent that Plaintiffs' claims are based in any part on asserted constitutional violations, as appears to be the case, their claims presently are barred both by the *Rooker-Feldman* doctrine and the *Heck* doctrine. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

Fourth, even without the foregoing defects, it is clear that the Complaint fails to allege any claim upon which relief can be granted. Plaintiffs allege they are entitled to recover millions of dollars in damages as well as other relief based upon a host of federal criminal violations purportedly committed by Defendants – including alleged violations of 18 U.S.C. §§ 241, 242 1001, 1038, 1091, 1201, 1592, and 2381 – but none of these federal criminal provisions afford Plaintiffs the right of private enforcement, much less to bring a civil claim thereunder. Plaintiffs also allege that the Defendants have committed RICO violations. While private persons may bring civil RICO claims, the Complaint's allegations do not come close to pleading the required racketeering activity, much less a pattern of the same and/or action substantially affecting interstate commerce and/or enterprise engaged in enterprise or foreign commerce. Rather, Plaintiffs allege only actions taken within the boundaries of Los Angeles County, California, *i.e.*, local activities. In addition, RICO only provides a civil remedy for injuries to "business or property" resulting from conduct violative of RICO, personal injuries are not compensable, and an injury to a specific business or property interest must result in a concrete financial loss, not merely injury to an intangible property interest. The Complaint does not come close to satisfying these requirements.

The April 26, 2019 Order that issued in prior Case No. 2:19-cv-02617-RGK (RAOx) identified many of these same defects, and yet Plaintiffs have been unable to rectify them through their instant Complaint. Based upon the circumstances they allege and actions they attempt to challenge, the Court believes that amendment would be futile. Accordingly, the Court recommends that leave to

3

proceed on an in forma pauperis basis be denied and that leave to amend also be denied.[3]

---

[3]     The Court notes that the docket shows that, while this case was pending in the Northern District, mails sent by that Court to the address which Plaintiffs provided as their address of record was returned on multiple occasions as undeliverable.  [*See* Docket Nos. 9-11.]  It has been more than 15 days since such mail was returned and Plaintiffs have not provided a viable address.  Thus, under Local Rule 41-6, dismissal of this action would be appropriate for want of prosecution as well.